David M. Parker, Esq. (SBN 211078)
Gregory L. Riggs, Esq. (SBN 314022)
**PARKER & RIGGS LLP**
110 West A Street, Suite 615
San Diego, California 92101
Telephone: (619) 233-8292
Facsimile: (619) 233-8636
DParker@ParkerRiggs.com
GRiggs@ParkerRiggs.com

Attorneys for Plaintiffs and Creditors Affordable Housing Land Consultants, LLC and Century Housing Corporation

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>THE PHAIR COMPANY LLC,<br><br>Debtor and Debtor-in-Possession.<br><br>☐ ALL DEBTORS<br><br>☐ THE PHAIR COMPANY LLC, ONLY<br>Tax I.D. (EIN)# 20-4183527<br><br>☒ JEFFREY DAVID PHAIR, ONLY,<br>S.S.#: XXX-XX-4458 | Case No. 25-00667-JBM11<br><br>Chapter 7<br><br>(Jointly Administered With Case No. 3:25-bk-00661-JBM)<br><br>Adv. Pro. No. 25-90069-JBM<br><br>**AFFORDABLE HOUSING LAND CONSULTANTS LLC'S AND CENTURY HOUSING CORPORATION'S MOTION TO REQUEST INTERLOCUTORY DEFAULT JUDGMENT AGAINST JEFFREY D. PHAIR**<br><br>Judge: Hon. J. Barrett Marum<br>Department: 2<br><br>Hearing Date: November 12, 2026<br>Time: 10:00 a.m. |
| AFFORDABLE HOUSING LAND CONSULTANTS, LLC; CENTURY HOUSING CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY DAVID PHAIR,<br><br>Defendant. | |

Plaintiffs and Creditors Affordable Housing Land Consultants LLC ("AHLC") and Century Housing Corporation ("Century") hereby submit their motion for interlocutory default judgment against Debtor Jeffrey D. Phair ("Mr. Phair").

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTS | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MR. PHAIR BECAUSE EACH OF THE *EITEL* FACTORS WEIGH IN FAVOR OF AHLC AND CENTURY | 5 |
| | A. AHLC And Century Will Be Left Without A Remedy In The Absence Of Entry Of Default Judgment | 5 |
| | B. AHLC's and Century's Claims In The Complaint Are Meritorious, And The Well-Pled Allegations – Which Are Deemed Admitted As Against Mr. Phair – Sufficiently Establish Liability | 6 |
| | C. The Amount In Controversy Is Reasonably Proportionate To The Harm Mr. Phair Has Wrought On Plaintiffs | 9 |
| | D. There Is No Longer Any Dispute As To The Fact Of Mr. Phair's Liability | 10 |
| | E. The Entry Of Default Is Not The Product Of Excusable Neglect | 10 |
| | F. The General Policy in Favor of Decisions on the Merits Does Not Overcome AHLC's and Century's Strong Showing of Substantive Merit And The Reasonably Proportionate Damages Sought | 11 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

## Cases

*Clarke v. TNSG Health Co., Ltd.*,
2025 WL 2860597 (9th Cir., Oct. 9, 2025, No. 24-3411) .... 4

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) .... 1, 4, 6, 11

*Geddes v. United Financial Group*,
559 F.2d 557 (9th Cir. 1977) .... 10

*In re Davis*,
486 B.R. 182 (Bankr. N.D. Cal. 2013) .... 6, 7

*In re Diamond*,
285 F.3d 822 (9th Cir. 2002) .... 7

*In re Evans*,
181 B.R. 508 (Bankr. S.D. Cal. 1995) .... 6

*Kloepping v. Fireman's Fund*,
1996 WL 75314 at (C.D. Cal. 1996) .... 6, 11

*PepsiCo, Inc. v. California Security Cans*,
238 F.Supp.2d 1172 (C.D. Cal. 2002) .... passim

*United States v. Broaster Kitchen, Inc.*,
2015 WL 4545360 at (C.D. Cal., May 27, 2015, No. CV1409421MMMPJWX) .... 4, 5, 6, 9

*Walters v. Statewide Concrete Barrier, Inc.*,
2006 WL 2527776 (N.D. Cal., Aug. 30, 2006, No. C-04-2559 JSW MEJ) .... 9

## Statutes

United States Code, Title 11, Section 523 .... 6
Federal Rules of Bankruptcy Procedure, Rule 7055 .... 4
Federal Rules of Bankruptcy Procedure, Rule 523 .... 6
Federal Rules of Civil Procedure, Rule 8 .... 5, 6, 10
Federal Rules of Civil Procedure, Rule 54 .... 5
Federal Rules of Civil Procedure, Rule 55 .... 1, 4, 5, 9, 12

## I. INTRODUCTION

Mr. Phair has failed to answer AHLC and Century's adversary complaint, filed nearly 14 months ago, despite having been provided numerous extensions of time to answer. Since the Clerk entered Mr. Phair's default on or about June 14, 2026, Mr. Phair has failed to take any action with the Court to cure the default. As such, AHLC and Century are now entitled to default judgment establishing liability on the part of Mr. Phair based on the well-pled allegations in their complaint.

As set forth in more detail below, creditor Renzulli Properties LLC ("Renzulli") seeks to enforce an abstract of judgment as against real properties AHLC acquired from Mr. Phair's entity The Phair Company ("TPC"). AHLC and Century have brought an action in the Superior Court seeking to quiet title to those properties free and clear of Renzulli's abstract because it was improperly indexed and therefore does not attach to the properties. Century also has equitable lien claims based on its payoff of pre-existing liens and encumbrances secured by the properties. If AHLC and Century succeed on the merits in the Superior Court litigation, as the trial court has already found is likely, then their damages are not in the amount of Renzulli's judgment lien because it does not attach to the properties. In that case, damages will largely consist of the fees expended defending title. Therefore, AHLC and Century seek an interlocutory default judgment as to liability only now, and pursuant to FRCP 55(b)(2) they seek a prove-up hearing in this matter regarding the amount of damages to be set upon the conclusion of the Superior Court action once the issue of whether Renzulli's judgment lien attaches to the properties has been finally decided and the amount of damages against Mr. Phair can been liquidated.

The Ninth Circuit Court of Appeal in *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) directs courts to consider certain factors in determining whether to exercise their discretion and enter default judgment (the "*Eitel* factors"). Consideration of each of the *Eitel* factors weighs in favor of entry of default judgment against Mr. Phair here.

As a threshold matter, AHLC and Century will be left without a remedy in the absence of entry of default judgment. Despite many months of extensive follow up by AHLC and Century through counsel, Mr. Phair persists in his refusal to defend against this action. AHLC and Century would suffer great prejudice if the Court does not enter default judgment, because their complaint

properly establishes the existence and nondischargeability of damages based on the fraudulent conduct of Mr. Phair.

The well-pled allegations against Mr. Phair – which are deemed admitted on account of Mr. Phair's default – establish that Mr. Phair concealed the existence of a judgment and abstract of judgment prior to selling valuable real properties to AHLC. There were more than enough proceeds to satisfy the judgment, and if Mr. Phair had spoken the truth and not concealed and misrepresented the true state of affairs, the judgment would have been satisfied at close of escrow or else escrow would not have closed. Instead, AHLC as buyer and Century as lender parted with valuable consideration, and now Renzulli is seeking to enforce its judgment and abstract against the real properties.

The amount in controversy is reasonably proportionate to the harm Mr. Phair was wrought on AHLC and Century. Given that the neglect on the part of Mr. Phair is demonstrably inexcusable, the general policy in favor of decisions on the merits does not overcome AHLC's and Century's strong showing of substantive merit and the reasonably proportionate damages sought. For all the reasons set forth herein, AHLC and Century are entitled to default judgment as against Mr. Phair.

## II. FACTS

AHLC and Century filed the above-captioned adversary proceeding against Mr. Phair on July 3, 2025 ("Complaint"). Case No. 25-00667, *Dkt. No. 1*.[1] On August 6, 2025, Debtor/Defendant Jeffrey D. Phair responded to the Complaint through Vincent Renda ("Mr. Renda") by way of a motion to dismiss (the "Motion to Dismiss"). *Dkt. No. 5*. On August 20, 2025, AHLC and Century filed their opposition to the Motion to Dismiss. *Dkt. No. 7*.

The Court heard the Motion to Dismiss on September 10, 2025. The Court denied the Motion to Dismiss and issued a minute order on September 11, 2025. *Dkt. No. 12*. On October 1, 2025, AHLC and Century's counsel supplied Mr. Phair's counsel Mr. Renda with a draft order for the Motion to Dismiss and requested his approval as to form. Not hearing back, AHLC and Century's counsel followed up again on October 20, 2025. On November 7, 2025, Mr. Renda responded. He

[1] Unless otherwise specified, all further references to the Docket are in Case No. 25-00667.

confirmed that the order appeared to track the Court's ruling, but he needed more time to answer the complaint and explained *inter alia* that the United States Trustee had an issue with Mr. Renda's employment application in the adversary proceeding. Declaration of David Parker ("Parker Dec."), ¶ 2; **Ex. 1**.

AHLC and Century's counsel exchanged several further communications with Mr. Renda between October 2025 and January 2026 in which Mr. Renda requested several further extensions given the retention issues he was experiencing. Parker Dec., ¶ 3; **Ex. 2**.

On or about February 18, 2026, Mr. Renda approved the order on the Motion to Dismiss and the Court modified the order on February 19, 2025. Parker Dec., ¶ 4; *Dkt. No. 13*. Weeks passed after entry of the order but Mr. Phair did not answer the complaint. Parker Dec., ¶ 4.

On May 22, 2026, AHLC and Century's counsel wrote to Mr. Renda to remind him that the answer to the complaint was long overdue. Counsel requested that Mr. Renda kindly answer by May 27, 2026. Counsel informed Mr. Renda that otherwise, AHLC and Century would need to seek entry of default. Parker Dec., ¶ 5; **Ex. 3**.

After Mr. Phair failed to file an answer to the complaint, on June 5, 2026, AHLC and Century requested entry of Mr. Phair's default. *Dkt. No. 17*. On or about June 14, 2026, the Clerk filed and served notice of entry of Mr. Phair's default. *Dkt. No. 23*. Parker Dec., ¶ 6

After Mr. Phair's default was entered, Mr. Phair's previous counsel Mr. Renda contacted AHLC and Century's counsel with a request to set aside the default. Mr. Renda filed a motion to withdrew representation on May 8, 2026. *Dkt. No. 401-1*. AHLC and Century's counsel recommended delaying the discussion regarding whether to set aside the default until the Court made a decision to either dismiss or convert Mr. Phair's Chapter 11 bankruptcy proceeding, Bankruptcy Case Number 25-00661-JBM11 (the "Phair Bankruptcy"). Mr. Renda agreed. Parker Dec., ¶ 7.

On August 16, 2026, the Court converted the Phair Bankruptcy from Chapter 11 to Chapter 7. *Dkt. No. 511*. On August 21, 2026, Mr. Renda emailed AHLC and Century's counsel indicating that Mr. Renda would send counsel a draft stipulation to set aside the default, which would include a 60-day period for Mr. Phair to respond or otherwise answer the complaint. Parker Dec., ¶ 8; **Ex. 4**. According to Mr. Renda, Mr. Phair needed the 60-day period to locate counsel. *Id.*

However, AHLC and Century did not receive any such stipulation from Mr. Renda, Mr. Phair, or any other counsel purporting to represent Mr. Phair. Parker Dec., ¶ 9. Despite following up with Mr. Renda again on October 7, 2026, AHLC and Century still have not received any stipulation on behalf of Mr. Phair seeking to set aside the default. *Id.*; **Ex. 5**. Thus, AHLC and Century now seek entry of default judgment against Mr. Phair on the complaint.

## III. LEGAL STANDARD

Under the Federal Rules of Bankruptcy Procedure ("FRBP") Rule 7055, Rule 55 of the Federal Rules of Civil Procedure ("FRCP") concerning default and default judgment apply in adversary proceedings. FRBP Rule 7055. "Pursuant to [FRCP] 55(b), a court may order default judgment following the entry of default by the Clerk of the Court." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) ("*PepsiCo*").

A default judgment must be entered by the clerk for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person when (1) the claim is for a certain sum, (2) there is an affidavit showing the amount due, and (3) the plaintiff requests a default judgment. FRCP Rule 55(b)(1). If a plaintiff cannot satisfy the requirements for the clerk to enter a default judgment, then a default judgment may be entered by a judge if the plaintiff submits an application to the court. FRCP Rule 55(b)(2); *United States v. Broaster Kitchen, Inc.*, 2015 WL 4545360 at *4 (C.D. Cal., May 27, 2015, No. CV1409421MMMPJWX) ("Granting or denying a motion for default judgment is a matter within the court's discretion.").

Courts are directed to consider a number of factors in exercising their discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986), *Clarke v. TNSG Health Co., Ltd.*, 2025 WL 2860597 at *4 (9th Cir., Oct. 9, 2025, No. 24-3411), cert. denied (2026) 146 S.Ct. 1853 (holding that "[t]he district court also acted within its discretion in concluding that the strong policy favoring decision on the merits did not preclude entry of default judgment"). Those factors set forth in *Eitel, supra*, 782 F.2d at 1471-1472 (the "*Eitel* factors") include: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute

concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *United States v. Broaster Kitchen, Inc.*, *supra*, 2015 WL at *4 (relying on the factors set forth in *Eitel, supra*, 782 F.2d at 1471–72).

Once the clerk has entered default, the factual allegations in the complaint, other than the issue of damages, are deemed admitted by the non-responding party. FRCP Rule 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). "This process is limited by FRCP 54(c), which states that '[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]." *PepsiCo, supra*, 238 F.Supp.2d at 1175.

Pursuant to FRCP 55(b)(2), "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FRCP Rule 55(b)(2).

## IV. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MR. PHAIR BECAUSE EACH OF THE *EITEL* FACTORS WEIGH IN FAVOR OF AHLC AND CENTURY

The Clerk for the United States Bankruptcy Court of the Southern District of California entered Mr. Phair's default on or about June 14, 2026. *Dkt. No. 23*. Because each of the *Eitel* factors weigh in favor of AHLC and Century, the Court should now exercise its discretion to enter default judgment against Mr. Phair.

### A. AHLC And Century Will Be Left Without A Remedy In The Absence Of Entry Of Default Judgment

Pursuant to the first *Eitel* factor, courts are directed to consider the prejudice that a plaintiff will suffer if a default judgment is not entered. *United States v. Broaster Kitchen, Inc.*, *supra*, 2015 WL at *4. "Potential prejudice to Plaintiffs favors granting a default judgment." *PepsiCo, supra*, 238 F.Supp.2d at 1177. Possibility of prejudice exists if denying the plaintiff's motion for default judgment would leave plaintiff without recourse for recovery. *Id*.

Here, Mr. Phair has not responded to AHLC's and Century's complaint, filed over a year ago on June 3, 2025, despite AHLC's and Century's agreement to extend the responsive pleading

deadline on numerous occasions. Parker Dec., ¶¶ 2-5; **Ex. 3**. Due to Mr. Phair's complete failure to answer the complaint, AHLC and Century will be left without recourse if default judgment is not entered. Based on the well-pled allegations of the complaint which are now deemed admitted as against Mr. Phair (see FRCP Rule 8(b)(6)), AHLC and Century are entitled to default judgment establishing liability on the part of Mr. Phair.

### B. AHLC's and Century's Claims In The Complaint Are Meritorious, And The Well-Pled Allegations – Which Are Deemed Admitted As Against Mr. Phair – Sufficiently Establish Liability

The second and third *Eitel* factors require consideration of the substantive merits and the sufficiency of the claims brought in the complaint. *Eitel, supra*, 782 F.2d at 1471; *see also United States v. Broaster Kitchen, Inc*, *supra*, 2015 WL at *4. Both factors "require that a [movant] 'state a claim on which [it] may recover.'" *PepsiCo, supra*, 238 F.Supp.2d 1172 at 1175 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *2 (C.D. Cal. 1996). To satisfy both factors, a plaintiff should properly allege the elements for the causes of action discussed in their complaint. *See PepsiCo, supra*, 238 F.Supp.2d at 1175-1176 (analyzing each cause of action alleged by the plaintiff).

Under FRBP Rule 523, "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . *false pretenses, a false representation, or actual fraud*, other than a statement respecting the debtor's or an insider's financial condition." FRBP Rule 523 (a)(2)(A) (italics added). Concealment and intentional disclosure are both "well recognized" bases for nondischargeable actionable actual fraud under 11 U.S.C. Section 523(a)(2)(A). *In re Evans*, 181 B.R. 508, 514-515 (Bankr. S.D. Cal. 1995). "To show actual fraud the plaintiff must prove that 1) defendant made a misrepresentation, concealment, or non-disclosure of a material fact; 2) defendant had knowledge that what he was saying was false; 3) defendant intended to induce plaintiff's reliance; 4) plaintiff justifiably relied; and 5) plaintiff suffered damage as a result." *In re Davis*, 486 B.R. 182, 191-192 (Bankr. N.D. Cal. 2013), *decision supplemented* 2013 WL 2304684 (Bankr. N.D. Cal., May 24, 2013, No. 10-74245 MEH). "To establish that the debt is nondischargeable [via actual fraud], Plaintiffs must show that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them

with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations." *In re Davis, supra*, 486 B.R. at 191 (citing *In re Diamond*, 285 F.3d 822, 827 (9th Cir. 2002) (internal citations omitted)).

Here, AHLC and Century's complaint properly establishes the existence of liability based on the fraudulent conduct of Mr. Phair. *See Dkt. No. 1*, at pp. 9-11. AHLC and Century acquired the 3145 and 3167 Beyer Boulevard properties (the "Properties") from Mr. Phair for $7,100,000 on or about July 3, 2024. *Dkt. No. 1*, at ¶¶ 10, 17. Mr. Phair specifically represented and agreed in the property information sheet that "[o]wner has no actual knowledge that any actions, suits or proceedings are pending or threatened before any court, arbitration tribunal, governmental department, commission, board, bureau, agency or instrumentality that would affect the Property or the right or ability of an owner or tenant to convey, occupy or utilize the Property." *Id.* at ¶ 20. Neither AHLC nor Century received preliminary reports listing any abstracts of judgments or judgment liens. *Id.* at ¶¶ 21-22, 27-28. However, on March 22, 2024, a judgment had in fact been entered in the case of *Jeff Phair et al. v. Renzulli Properties, LLC*, San Diego Superior Court Case No. 37-2022-00046736 (the "Judgment"). *Id*. at ¶ 25. The Court entered the Judgment in favor of Renzulli and against Mr. Phair, The Phair Company ("TPC") and Green Phair Scripps Partners, LLC jointly and severally for $3,489,438.60. *Id*. Renzulli filed notice of entry of the Judgment on March 28, 2024, and the notice of entry was served on both Mr. Phair and TPC on March 28, 2024. *Id*. at ¶ 25. An abstract of judgment (the "Abstract") was issued on March 29, 2024, and was recorded on April 2, 2024, as Document No. 2024-0079649 of Official Records. *Id*. at ¶¶ 31, 32. As agreed to in the property information sheet, Mr. Phair had a duty to disclose material facts affecting the value and desirability of the properties. *Id*. at ¶ 50.

Mr. Phair ventured to speak and represented he had no actual knowledge of any actions, suits or proceedings pending or threatened before any court, arbitration, or otherwise that would affect the properties. *Dkt. No. 1*, at ¶ 51. He did not speak the full truth and instead made misleading and incomplete representations. At no time prior to the close of escrow for the Properties did Mr. Phair, TPC, or anyone acting on TPC's behalf, disclose that any actions, suits or proceedings were pending

or threatened before any court or arbitration tribunal that would affect the Properties or the right or ability of an owner to convey, occupy or utilize the Properties. *Id.* at ¶ 34. At no time prior to the close of escrow for the Properties did Mr. Phair, TPC, or anyone acting on TPC's behalf disclose the existence of the Judgment or the Abstract. *Id.* at ¶ 35. Without disclosing the existence of the Judgment or the Abstract to either AHLC or Century, Mr. Phair signed a grant deed as the manager of TPC conveying the properties to AHLC and subsequently closing escrow. *Id.* at ¶¶ 39-42. Relying on Mr. Phair's representations, AHLC and Century deposited a total of $8,270,779.18 into escrow to purchase the properties. *Id.* at ¶ 42.

Mr. Phair failed to state facts to materially qualify the representations that he made, failed to disclose facts known to him that affected the truth and accuracy of the representations he made despite knowing that such representations were false, and concealed such facts that AHLC and Century relied upon in purchasing the properties. *Dkt. No. 1*, at ¶¶ 52-59. Had the facts that Mr. Phair concealed and failed to fully disclose to AHLC prior to the close of escrow actually been disclosed, the Judgment would have been fully satisfied from the funds that AHLC and Century deposited into escrow or the sale would not have closed. *Id.* at ¶ 60.

Instead, Renzulli is now seeking to enforce the Abstract against the Properties. *Dkt. No. 1*, ¶¶ 44-45. The Abstract purports to secure an outstanding judgment in the original principal amount of $3,489,438.60. *Dkt. No. 1*, Exhibit 1 (State Court Complaint), Exhibit 7 thereto (Abstract). The amount of the judgment is accruing post-judgment interest at the statutory rate of 10% per annum, or $956.01 per diem ($3,489,438.60 multiplied by 10%, divided by 365). CCP § 685.010; *Dkt. No. 1*, at ¶ 45. Renzulli also claims additional per diem interest on the Judgment in the amount of $4,309.59. *Claim Register, Dkt. 1-1.*

AHLC and Century have filed an action against *inter alia* Renzulli in the Superior Court of the State of California, County of San Diego, Case No. 24CL020598C (the "Superior Court Action"). Parker Dec., ¶ 10. The causes of action drawn against Renzulli include quiet title and cancellation of the abstract as against the real properties AHLC purchased, because Renzulli's abstract was improperly indexed and therefore failed to attach to those properties. *Id.* Century also has equitable lien claims based on its payoff of pre-existing liens and encumbrances secured by the

Properties. In the Superior Court Action, the Hon. Gregory W. Pollack presiding found that AHLC and Century are likely to succeed on the merits of their causes of action. *Id.*, ¶ 11; **Ex. 6**. Renzulli has taken the issue up on appeal in the Court of Appeal of the State of California, Fourth Appellate District, Division One, Case No. D085829 (the "Fourth District Appellate Court Action"). *Id.*, ¶ 12. In the event that AHLC and Century ultimately prevail in the Superior Court Action (as Judge Pollack has found is likely to happen), Renzulli's abstract will not attach to the Properties and AHLC and Century's harm will largely consist of the fees expended in defending title. *Id.*, ¶ 13. Therefore, AHLC and Century seek an interlocutory default judgment as to liability only now, and pursuant to FRCP 55(b)(2) they seek a prove-up hearing in this matter regarding the amount of damages to be set upon the conclusion of the Superior Court action once the issue of whether Renzulli's judgment lien attaches to the properties has been finally decided and the amount of damages against Mr. Phair can been liquidated.

### C. The Amount In Controversy Is Reasonably Proportionate To The Harm Mr. Phair Has Wrought On Plaintiffs

The fourth *Eitel* factor involves a consideration of "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, supra*, 238 F.Supp.2d at 1176-1177. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Broaster Kitchen, Inc.*, *supra*, 2015 WL at *6. Typically, seeking monetary relief weighs in favor of granting entry of default judgment where "the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions." *Walters v. Statewide Concrete Barrier, Inc*., 2006 WL 2527776, at *4 (N.D. Cal., Aug. 30, 2006, No. C-04-2559 JSW MEJ); *PepsiCo, supra*, 238 F.Supp.2d at 1176-1177.

Here, AHLC and Century's request for monetary relief weighs in favor of granting entry of default judgment. The amounts requested by AHLC and Century are designed to compensate them for the harm directly and proximately caused by Mr. Phair's conduct in concealing and misrepresenting the existence of Renzulli's Abstract prior to close of escrow for the Properties. Mr. Phair admits the Judgment was entered and the Abstract was recorded prior to the close of escrow for the Properties. *Dkt. No. 1*, at ¶ 56. AHLC and Century's request for monetary relief is derivative

of what Mr. Phair already owes Renzulli. *Id.* at ¶ 45. As such, AHLC and Century's request for monetary relief, in an amount to be established upon resolution of the State Court Action, is reasonably proportionate to the harm caused by Mr. Phair's concealment of Renzulli's Judgment and Abstract.

**D. There Is No Longer Any Dispute As To The Fact Of Mr. Phair's Liability**

The next *Eitel* factor considers the possibility that material factors may be in dispute between the parties. *PepsiCo, supra*, 238 F.Supp.2d at 1177. Once the clerk has entered default, the factual allegations in the complaint, other than the issue of damages, are deemed admitted by the non-responding party and are thus deemed not disputed. FRCP Rule 8(b)(6), *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *PepsiCo, supra*, 238 F.Supp.2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion [for entry of default judgment.]").

Here, the Clerk for the United States Bankruptcy Court of the Southern District of California entered a default against Mr. Phair on or about June 14, 2026. *Dkt. No. 23*. Accordingly, the well-pled allegations AHLC and Century's complaint are deemed true, and thus no material facts are in dispute.

**E. The Entry Of Default Is Not The Product Of Excusable Neglect**

The sixth *Eitel* factor considers the possibility that the previously entered default was a result of excusable neglect. *PepsiCo, supra*, 238 F.Supp.2d at 1177. Excusable neglect does not exist where a defendant was served with a summons and a complaint and had previously communicated with a plaintiff, but subsequently fails to respond to the complaint despite plaintiff's numerous, unsuccessful attempts to communicate. *Id.* (where a defendant discussed settlement with plaintiff's counsel without answering a complaint and "[s]ubsequently, Plaintiffs . . . made numerous, albeit unsuccessful, attempts to contact Defendant to achieve a settlement of th[e] matter. Given Defendant's early participation in the matter, the [court determined that the] possibility of excusable

neglect [was] remote.”]

Here, the neglect on Mr. Phair’s part is not excusable. AHLC and Century filed their adversary complaint against Mr. Phair on June 3, 2025. *Dkt. No. 1*. AHLC and Century thereafter timely served Mr. Phair with the summons and complaint using the Court’s CM/ECF Electronic Filing System. *Dkt. No. 1*, at p. 12 (certificate of service). After being served with the summons and complaint, Mr. Phair through counsel appeared and filed a motion to dismiss on August 6, 2025. *Dkt. No. 5-1*.

After Mr. Phair’s motion to dismiss was denied, as set forth in more detail above, Mr. Phair did not respond to AHLC and Century’s complaint even though AHLC and Century through counsel exchanged extensive correspondence with Mr. Phair’s previous counsel Mr. Renda over a period of many months. On this record, Mr. Phair’s neglect is far from excusable.

### F. The General Policy in Favor of Decisions on the Merits Does Not Overcome AHLC’s and Century’s Strong Showing of Substantive Merit And The Reasonably Proportionate Damages Sought

While the general rule is that “[c]ases should be decided upon their merits whenever reasonably possible,” (*see Eitel*, *supra*, 782 F.2d at 1472), “this preference, standing alone, is not dispositive,’” especially when a defendant fails to defend an action that results in an entry of default. *PepsiCo, supra*, 238 F.Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, *supra*, 1996 WL at *3). “Moreover, Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.” *PepsiCo,* supra, 238 F.Supp.2d at, 1177. Here, judgment on the merits is impossible due to Mr. Phair’s refusal to participate and defend this action despite numerous extensions of time and reminders by AHLC and Century through counsel. As set forth herein, default judgment is not only warranted but necessary here.

## V. CONCLUSION

AHLC and Century are entitled to default judgment establishing liability on the part of Mr. Phair based on the well-pled allegations in their complaint. If AHLC and Century succeed on the merits in the Superior Court Action, as the trial court has already found is likely, then their damages are not in the amount of Renzulli’s judgment lien because it does not attach to the properties, but instead will largely consist of the fees expended defending title. Thus, AHLC and Century seek an

interlocutory default judgment as to liability only now, and pursuant to Pursuant to FRCP 55(b)(2) they seek a prove-up hearing in this matter regarding the amount of damages to be set upon the conclusion of the Superior Court action once the issue of whether Renzulli's judgment lien attaches to the properties has been finally decided and the amount of damages against Mr. Phair can been liquidated.

PARKER & RIGGS LLP

Dated: October 8, 2026

By: ______________________________

David M. Parker, Esq.
Gregory L. Riggs, Esq.
Attorneys for Plaintiffs Affordable Housing Land Consultants, LLC and Century Housing Corporation